## Commonwealth ex rel. Jones, Appellant, *v.* Myers.

Submitted June 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Fred R. Jones,* appellant, in propria persona.

*Clement J. McGovern,* Special Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for appellee.

OPINION BY RHODES, P. J., September 13, 1962:

Relator was sentenced for two consecutive terms of five to ten years each on indictments Nos. 284 and 285, June Sessions, 1957, in the Court of Quarter Sessions of Delaware County, charging the selling of marijuana.

His petition for writ of habeas corpus filed on February 16, 1962, was dismissed by Judge TOAL of the Court of Common Pleas of Delaware County. Judge TOAL states that "this is the fifth petition he has filed with this court since his conviction by jury in 1957. None of his other petitions had merit nor does this one." Relator's contention is that his sentences are illegal not being in conformity with the statute. His argument is to the effect that the sentences were imposed under the amendment of July 19, 1957, P.L. 1013, to section 12 of the Act of July 11, 1917, P.L. 758, as amended; that he was sentenced on July 10, 1957; and that he had been arrested on March 13, 1957.

There is no merit to relator's contention that he was sentenced under the wrong Act, as the Act of May 29, 1956, P.L. 1809, amending section 12 of the Act of July 11, 1917, was in force and applicable to relator. It provided:

"(a1) Any person who sells, dispenses or gives away any drugs in violation of the provisions of this act shall be guilty of a felony, and, upon conviction thereof, shall be sentenced as follows: for a first offense, to pay a fine not exceeding five thousand dollars ($5000) or to undergo imprisonment by separate or solitary confinement at labor not exceeding ten (10) years, or both; for a second offense, or, if in case of a first conviction of violation of any provisions of this section, the offender shall previously have been convicted of any violation of the laws of the United States or of any other state, territory or district relat-

ing to drugs, and said violation would have been a violation of the provisions of this section had it occurred in this Commonwealth, to pay a fine not exceeding ten thousand dollars ($10,000) or to undergo imprisonment by separate or solitary confinement at labor not exceeding twenty (20) years, or both; and for a third or subsequent offense, or if the offender shall previously have been convicted two or more times in the aggregate of any violation of this section or the law of the United States or of any other state, territory or district relating to drugs, and said violation would have been a violation of the provisions of this section had it occurred in this Commonwealth, to pay a fine not exceeding fifteen thousand dollars ($15,000) or to undergo imprisonment by separate or solitary confinement at labor for the term of his natural life."

The Act of July 11, 1917, P.L. 758, as amended, was repealed and covered by the Act of September 26, 1961, P.L. 1664, No. 693, effective January 2, 1962, 35 PS §780 et seq.

Relator was convicted for sales of marijuana on March 1, 1957, bill No. 283; on March 5, 1957, bill No. 286; on March 6, 1957, bill No. 285; on March 11, 1957, bill No. 284. He was sentenced only on bills Nos. 284 and 285. Sentence was suspended on the other substantive offenses and three conspiracy charges.

It might well be, as the Commonwealth sets forth, that having been convicted of four separate sales his sentences might have been much greater, and that under the circumstances the sentences actually imposed were most lenient. There was no merger of the several offenses; they were separate criminal acts.

We find nothing in relator's petition that warrants further consideration.

The order of the court below is affirmed.